**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 08-1735

_____

LOUISE ROOT,

Plaintiff - Appellant,

v.

COUNTY OF FAIRFAX; MICHELLE MCCALL; PAMEAL SCHMOLL; MICHEL
BODART; DIANNE LANIGAN; SUE GILBERT; SHEILA REILLY; JOHN
COLWELL; BRYANT FLETCHER,

Defendants - Appellees.

_____

No. 08-1794

_____

LOUISE ROOT,

Plaintiff - Appellee,

v.

COUNTY OF FAIRFAX; MICHELLE MCCALL; PAMEAL SCHMOLL; MICHEL
BODART; DIANNE LANIGAN; SUE GILBERT; JOHN COLWELL; BRYANT
FLETCHER; SHEILA REILLY,

Defendants - Appellants.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge. (1:08-cv-00498-CMH-TCB)

_____

Submitted:  March 10, 2010          Decided:  March 26, 2010

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Richard E. Gardiner, Fairfax, Virginia, for Appellant/Cross-Appellee. David P. Bobzien, County Attorney, Peter D. Andreoli, Jr., Deputy County Attorney, Karen L. Gibbons, Senior Assistant County Attorney, Fairfax, Virginia; David J. Fudala, Fairfax, Virginia, for Appellees/Cross-Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louise Root appeals from the district court's order dismissing her 42 U.S.C. § 1983 (2006) complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Appellees filed a cross-appeal of the portion of the order remanding the supplemental state law claim to the state court. Root filed a motion to dismiss the cross-appeal. For the reasons below, we affirm the district court's order.

Louise Root filed a civil action in the Fairfax County Circuit Court against the County of Fairfax (County) and eight individual defendants, arising from the seizure of nine dogs and one horse from Root by County animal control officers. The individual defendants were sued because ownership of the animals was transferred to them by adoption from the County. The action contained one count seeking damages under 42 U.S.C. § 1983 against the County for depriving Root of her property without due process under the Fourteenth and Fifth Amendments. The only remaining count sought an injunction against the County and the individual defendants ordering the return of the animals to Root.

We review de novo the district court's rulings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint's

3

"[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Generally, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Ericson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Procedural due process requires, at a minimum, fair notice and an opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). In order to determine whether an individual has received fair notice, we "must examine the relevant facts of each case." United States v. Hoechst Celanese Corp., 128 F.3d 216, 224 (4th Cir. 1997). Beyond the minimum requirements of notice and an opportunity to be heard, due process is "flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

To state a successful claim for failure to provide due process, "a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d

107, 116 (3d Cir. 2000) (reviewing procedural due process claim where plaintiff did not follow formal grievance procedure provided).

Keeping this flexibility of the due process requirements in mind, we conclude that the procedural due process given to Root was adequate. Root was notified of the allegations of animal neglect against her in accordance with Va. Code Ann. § 3.1-796.115(A) (2007). She does not contend that the process provided in the Code of Virginia was inadequate. Root's contention is that, after the County moved for and was awarded a nonsuit in the circuit court, there was no avenue provided for return of the animals. However, Root had multiple opportunities to arrest the adoption of the animals directed by the general district court's December 22, 2004 ruling and order entered on January 4, 2005. Knowing that the order was to be effective immediately, she did not file for a stay. Root cannot now complain that the order was effectuated. Neither did Root file a motion for stay when she appealed to the state circuit court. We conclude the district court did not err in holding that there was no violation of procedural due process under these circumstances.

In its cross-appeal, the County argues that the district court erred in remanding the state claim to state court. The County asserts this count failed to state a claim

for relief as the County was compelled by a general district court order to place the animals for adoption. Therefore, the County argues that the count should have been dismissed instead of remanded. The County maintains that the general district court order directing that the County place the animals was a final order and therefore is dispositive on the question of whether Root is now entitled to the animals. The County further argues that the state law count did not set forth a cause of action, but sought injunctive relief only and relied entirely on the § 1983 count being a viable cause of action. The County concedes, however, that the state law count arguably states a claim in the nature of detinue, but contends a claim for detinue would not be successful because, again, the County had lawfully placed the animals. Root continues to argue that the County did not have the right to place the animals for adoption because the general district court order was not a final order and title to the animals had not passed from Root.

Appellate review of remand orders is permitted when it is clear that the district court's order was based, not on a belief that it lacked subject matter jurisdiction over the removed action, but because it declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) (2006). See Jamison v. Wiley, 14 F.3d 222, 233 (4th Cir. 1994); see also Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 n.16 (4th

6

Cir. 2002) (explaining that, under "well-settled precedent," remands based on § 1367(c) are appealable final orders under 28 U.S.C. § 1291 (2006)); Hinson v. Norwest Fin. South Carolina, Inc., 239 F.3d 611, 615 (4th Cir. 2001) (finding that court had jurisdiction to review remand order that was "not derived from § 1447(c), but is inherent in the authority of a district court to decline to exercise jurisdiction under 28 U.S.C. § 1367(c)").

Here, the district court specifically declined to exercise its jurisdiction under § 1367(c). The district court's ruling from the bench demonstrates that the court, having dismissed the only federal claim, believed it had the discretionary authority to exercise supplemental jurisdiction over the remaining state law claim, but chose not to do so. Accordingly, because the district court did not remand for lack of subject matter jurisdiction, or because of a defect in the removal procedure, this court has jurisdiction to review the district court's remand decision.

The district court's remand order is reviewed for abuse of discretion. Hinson, 239 F.3d at 617. Under § 1367(c), a district court may decline to exercise its supplemental jurisdiction if:

> (1) the claim raises a novel or complex
>     issue of State law,
>
> (2) the claim substantially dominates over
>     the claim or claims over which the

district court has original jurisdiction,

(3) the district court has dismissed all claims over which it had original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the court had dismissed the sole claim over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3). There is nothing in the record to suggest that it was an abuse of discretion to decline to exercise supplemental jurisdiction. We therefore also affirm the portion of the district court's order remanding the state law claim to the state court for further proceedings. We deny Root's motion to dismiss the cross-appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED